ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | CASE NO. 1:11-mj-0397 KPF |
| FOR AUTHORIZATION TO OBTAIN ) | |
| LOCATION DATA CONCERNING A ) | **FILED** |
| CELLULAR TELEPHONE ASSIGNED ) | |
| CALL NUMBER (XXX) XXX-XXXX ) | JUL 06 2011 |
| | U.S. DISTRICT COURT |
| | INDIANAPOLIS, INDIANA |

**DOCUMENT FILED UNDER SEAL**

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (317) 246-8446 | ) ) Case No. 1:11-mj-0397  KPF ) ) **UNDER SEAL** ) ) |

## AFFIDAVIT AND APPLICATION

Aaron Barnum, a Task Force Officer with the Federal Bureau of Investigation (FBI) being duly sworn, deposes and states:

### INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Task Force Officer with the FBI since August 2008, and have been an officer with the Indianapolis Metropolitan Police Department since May 2003. In connection with my official FBI duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to Title 21, United States Code, Sections 841, 843, 846, and 848. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been involved in various types of electronic surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substance and of the laundering and concealing of proceeds from drug trafficking in violation of Title 18, U.S.C. § 1956. I

have received training in investigations involving transporting and distributing cocaine. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to their methods of importing and distributing controlled substances, their use of telephones, and their use of numerical codes and code words to conduct their transactions. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, the execution of search warrants, and undercover operations.

2. I submit this Affidavit in support of an Application for an Order pursuant to Federal Rule of Criminal Procedure 41, and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the FBI to ascertain the physical location of the cellular telephone assigned call number (317) 246-8446, Electronic Serial Number (ESN) 268435457806655637, subscribed to in the name of Luis Matis, P.O. BOX 54988, Irvine, California 92619, but used by Target Subject Jose RODRIGUEZ-LOPEZ (the "Target Cell Phone"). Service for the Target Cell Phone is provided by Sprint. This Affiant also requests E-911 Phase II data (or other precise location information) concerning the Target Cell Phone (the "Requested Information"),[1] for a period of forty five days.

3. I am familiar with the facts and circumstances of the investigation through my discussions with the Confidential Informant and from my review of records and

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Cell Phone at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell site records under combined authority of 18 U.S.C. §§ 2703(d) and 3121 *et seq.* ).

reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, Task Force Officer, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this Affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein, or in the attached exhibits, are not being relied on in reaching my conclusion that the requested Order should be issued, nor do I request that this Court rely on any facts not set forth herein in reviewing this Application.

4. Probable cause exists to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, U.S.C. § 841(a)(1), 843, and 846, as well as the identification of individuals who are engaged in the commission of these violations.

## BACKGROUND OF THE INVESTIGATION

5. Based on information set forth below, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by the holder of Target Cell Phone and others unknown. Further, there is probable cause to believe that Target Cell Phone is being used to commit the Target Offenses. The information set forth below is information relayed to me by another law enforcement officer with personal involvement in the investigation described herein.

a.  Since approximately January 2011, the FBI Safe Streets Task Force (SSTF) has been investigating the methamphetamine trafficking activities of Tad Michael DOBBINS and others. Between May 19, 2011 and June 15, 2011, and pursuant to judicial authorization, the SSTF intercepted wire communications over two cellular phones belonging to DOBBINS. Intercepts over those two phones demonstrated that DOBBINS was receiving his methamphetamine from Mickey BIRGE. Accordingly, beginning on June 15, 2011, and pursuant to judicial authorization, SSTF began intercepting wire communications over two cellular phones belonging to BIRGE.

b.  Intercepts to date over BIRGE's two cellular phones have demonstrated that BIRGE receives methamphetamine from the user of the Target Cell Phone, Jose RODRIGUEZ-LOPEZ.

c.  On June 21, 2011 at 2:56 p.m., BIRGE placed a phone call to RODRIGUEZ-LOPEZ. During the conversation BIRGE stated: "What's up?" RODRIGUEZ-LOPEZ replied: "Hey, I had ah..." BIRGE stated: "Huh?" ROBDRIGUEZ-LOPEZ responded: "I have the new one (referring to a new shipment of methamphetamine)." BIRGE responded: "OK, you wanna come by?" RODRIGUEZ-LOPEZ stated: "Give me like...thirty minutes." BIRGE replied: "OK." On June 21, 2011 at approximately 6:05 p.m., surveillance units observed RODRIGUEZ-LOPEZ pull into BIRGE's driveway in a blue Chevrolet Silverado. Approximately twenty minutes later, RODRIGUEZ-LOPEZ still driving the same blue Chevrolet Silverado backed out of BIRGE's driveway and was followed by surveillance units to the westside of Indianapolis. RODRIGUEZ-LOPEZ exited of I-465 and eastbound on 38th Street and continued southbound on High School Road. RODRIGUEZ-LOPEZ made an immediate

eastbound turn into a residential subdivision and turned into a driveway of a residence and then immediately backed out of the driveway and came back to High School Road. Surveillance units believed this to be a common tactic of suspects of "washing themselves off" while trying to avoid being followed by law enforcement. Surveillance was terminated shortly after RODRIGUEZ-LOPEZ was observed turning northbound on High School Road and turned into an apartment complex.

    d.    On approximately June 30, 2011, and pursuant to judicial authorization, SSTF began intercepting wire communications of RODRIGUEZ-LOPEZ over the Target Cell Phone. Those intercepts further confirm RODRIGUEZ-LOPEZ's involvement in drug distribution activity.

    e.    On June 30, 2011, RODRIGUEZ-LOPEZ was observed by surveillance units parked in the driveway at BIRGE's residence. After a brief stay at BIRGE's residence, RODRIGUEZ-LOPEZ was followed by surveillance units to the west side of Indianapolis again. RODRIGUEZ-LOPEZ exited off I-465 and turned westbound onto 38th Street. Surveillance units followed RODRIGUEZ-LOPEZ northbound on Shore Drive and then turned onto Eagle Creek Parkway where surveillance units lost visual contact with him eastbound on Inland Drive. RODRIGUEZ-LOPEZ appears to have a valid Indiana driver's license, however the address of 4514 Dabny Circle, Indianapolis, Indiana does not appear to be where RODRIGUEZ-LOPEZ is living at this time. Law enforcement databases have been likewise unsuccessful in assisting me and other officers in determining where RODRIGUEZ-LOPEZ is currently living. RODRIGUEZ-LOPEZ appears to be aware of anyone following him while he is driving and also has been seen driving two different

vehicles and one of which has a temporary Indiana registration. Therefore, I believe that the requested authorization would further the investigation, in that it would enable other law enforcement officers and I in surveilling RODRIGUEZ-LOPEZ.

## AUTHORIZATION REQUEST

6. Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the activities described above. The Requested Information is necessary to determine the location of the Target Cell Phone so that law enforcement agents can conduct physical surveillance of the holder of Target Cell Phone in order to ascertain the specifics of the narcotics trafficking believed to be conducted over the Target Cell Phone.

7. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of FBI to obtain the Requested Information for a period of forty five days.

8. IT IS FURTHER REQUESTED that the Court direct the service provider for the Target Cell Phone to assist agents of the FBI by providing all information, facilities, and technical assistance needed to ascertain the Requested Information, and further direct the service provider for the Target Cell Phone to initiate a signal to determine the location of the Target Cell Phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user of the

Target Cell Phone, for a period of forty five days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

9.  IT IS FURTHER REQUESTED that the authorization given be intended to apply not only to the telephone number associated with the Target Cell Phone above, but to any telephones or telephone numbers accessed by or through the same IMSI number, and to any IMSI number subsequently assigned to the instrument bearing the telephone number currently assigned to the Target Cell Phone within the forty five day period.

10. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

11. IT IS FURTHER REQUESTED that the Affidavit and Application, Court's Order, and Warrant, as it reveals an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the FBI, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and the service provider, as necessary to effectuate the Court's Order.

12. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty days after the termination of the monitoring period authorized by the warrant or any extensions thereof.

_____
Aaron Barnum, Task Force Officer
Federal Bureau of Investigation

Sworn to before me this 6th day of July, 2011.

_____
KENNARD P. FOSTER
United States Magistrate Judge
Southern District of Indiana